QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
  shonmorgan@quinnemanuel.com
  Joseph R. Ashby (Bar No. 248579)
  josephashby@quinnemanuel.com
  John Lee (Bar No. 272229)
  johnlee@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Defendant Hyundai Motor
America

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA,

### WESTERN DIVISION

| | |
|---|---|
| ARSHALOS NALBANDIAN, as an individual, on behalf of herself and others similarly situated, and the general public, | CASE NO.  2:15-CV-1737 |
| Plaintiffs, | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| vs. | [Declaration of Lien Nguyen filed concurrently] |
| HYUNDAI MOTOR COMPANY; HYUNDAI MOTOR AMERICA; HYUNDAI CORPORATION (USA); and DOES 1 through 100, inclusive, | [Diversity Jurisdiction, 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453] |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Hyundai Motor America ("HMA") hereby removes this action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division, and in support thereof, respectfully shows the Court as follows:

## STATEMENT OF THE CASE

1. Plaintiff Arshalos Nalbandian seeks to certify a nationwide class of "all Persons in California and the United States who at any time have been owners or lessees of any of the following vehicles, referred to as the 'Subject Vehicles.'" (Class Action Complaint for Damages ("Compl."), ¶ 69. Plaintiff defines "Subject Vehicles" as the 2010-13 Hyundai Elantra, 2010-13 Hyundai Santa Fe, 2010-13 Hyundai Tucson, 2010-13 Hyundai Sonata, 2010-13 Hyundai Azera, 2010-13 Hyundai Accent and 2010-13 Hyundai Veloster. (*Id*.) Plaintiff alleges that the Subject Vehicles "have a defective electrical system." (*Id*., ¶ 13).

2. Plaintiff seeks, on behalf of herself and the purported class, compensatory damages, restitution, pre-judgment interest, punitive damages, consequential damages, attorneys' fees and equitable relief. (*Id*., ¶¶ 25, 32, 37, 46, 66 & Prayer).

3. On February 9, 2015, plaintiff filed in the Superior Court of California, County of Los Angeles the Class Action Complaint that HMA now removes to the U.S. District Court for the Central District of California. In addition to HMA, the Class Action Complaint names as defendants Hyundai Motor Company and Hyundai Corporation (USA). Plaintiff has not filed a proof of service for either Hyundai Motor Company or Hyundai Corporation (USA).

4. The Class Action Complaint filed in Los Angeles County Superior Court is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2), and 1453(b). HMA has satisfied all the procedural

1   requirements of 28 U.S.C. § 1446 and thereby removes this action to the United

2   States District Court for the Central District of California pursuant to 28 U.S.C.

3   §§ 1332, 1441, 1446, and 1453.

4                    **THE REQUIREMENTS FOR REMOVAL**

5                    **UNDER CAFA ARE SATISFIED**

6        5.      Federal jurisdiction is proper under the Class Action Fairness Act

7   ("CAFA").  CAFA fundamentally changed the legal standards governing removal

8   jurisdiction for class actions.  Congress explicitly stated that CAFA's "provisions

9   should be read broadly, with a strong preference that interstate actions should be

10  heard in a federal court," on the grounds that the state courts were not adequately

11  protecting defendants against class action abuses.  S. Rep. No. 109-14, at 43, 53-54

12  (2005).  Rather than emphasizing a strict constructionist view of the statute against

13  removal jurisdiction, Congress instructed district courts to "err in favor of exercising

14  jurisdiction."  *Id*. at 42-43.  As shown below, this action satisfies the requirements

15  for diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2).

16       6.      ***Class Action.***  This lawsuit is a class action as defined by 28 U.S.C.

17  § 1332(d)(1)(B).  CAFA defines a "class action" as "any civil action filed under

18  rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of

19  judicial procedure authorizing an action to be brought by 1 or more representative

20  persons as a class action."  28 U.S.C.§ 1332(d)(1)(B).  Plaintiff styles her complaint

21  as a "Class Action Complaint for Damages" and alleges that she brings it on behalf

22  of a nationwide class of "all Persons in California and the United States who at any

23  time have been owners or lessees of any of the following vehicles, referred to as the

24  'Subject Vehicles.'"  (Compl., ¶ 69).  Plaintiff also requests an order "certifying this

25  case as a class action and appointing Plaintiff and her counsel to represent the

26  Class."  (*Id*., Prayer).

27       7.      ***Diversity of Citizenship.***  At the time this lawsuit was filed and as of

28  the date of this notice, defendant HMA was and is a California corporation

                                        -2-

headquartered in California, with its principal place of business in Fountain Valley, California. (Compl., ¶ 5; Declaration of Lien Nguyen ("Nguyen Decl."), ¶ 3). At the time of the filing of this action and as of the date of this notice, Arshalos Nalbandian is believed to be a resident and citizen of California. (*See* Compl., ¶ 1). Plaintiff seeks the certification of a nationwide class of current or former owners and lessees of the 2010-13 Hyundai Elantra, 2010-13 Hyundai Santa Fe, 2010-13 Hyundai Tucson, 2010-13 Hyundai Sonata, 2010-13 Hyundai Azera, 2010-13 Hyundai Accent and 2010-13 Hyundai Veloster (the "Class Vehicles"). (*Id.*, ¶ 69). Through January 31 2015, HMA had authorized retail dealers in all fifty states, and in that period at least one of the Class Vehicles was sold in each of the fifty states. (Nguyen Decl., ¶¶ 4, 5). Therefore, there are members of the putative class alleged by plaintiff in each of the fifty states. (*See* Compl., ¶ 1, n.1; Nguyen Decl., ¶¶ 4, 5). Because at least one member of the proposed class is from a state other than California, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is met.

8.   ***Amount in Controversy.*** The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, satisfying the amount in controversy requirement of 28 U.S.C. § 1332(d)(2). The Class Action Complaint seeks relief that includes:

- compensatory damages (Compl., ¶¶ 25, 32, 37, 46, & Prayer);

- restitution (*Id.*, ¶ 58 & Prayer);

- pre-judgment interest (*Id.*, Prayer);

- punitive damages (*Id.*);

- consequential damages (*Id.*);

- attorneys' fees (*Id.*); and

- injunctive and equitable monetary relief (*Id.*, ¶ 66 & Prayer).

Aggregation of these potential remedies brings this matter within the purview of CAFA.

Under CAFA, the amount in controversy is determined by aggregating the claims of all individual class members.  28 U.S.C. § 1332(d)(6).  Plaintiff alleges her claims based on a purported "defective electrical system" in the Class Vehicles. (*Id*., ¶ 13).  The Class Vehicles are:

- 2010 to 2013 model year Hyundai Elantra,
- 2010 to 2013 model year Hyundai Santa Fe,
- 2010 to 2013 model year Hyundai Tucson,
- 2010 to 2013 model year Hyundai Sonata,
- 2010 to 2013 model year Hyundai Azera,
- 2010 to 2013 model year Hyundai Accent, and
- 2010 to 2013 model year Hyundai Veloster.

(*Id*., ¶ 2).  In determining the amount in controversy the Court should consider that plaintiff seeks remedies on behalf of the class.[1]  Plaintiff seeks relief on behalf of "all Persons in California and the United States who at any time have been owners or lessees of" one of the above-listed vehicles.  (*Id*., ¶ 69).

Through January 31, 2015, HMA-authorized retail dealers nationwide sold or leased more than 2,300,000 Class Vehicles.[2]  (Nguyen Decl., ¶¶ 4, 5).  The Hyundai vehicles in the putative class have base Manufacturer's Suggested Retail Prices ("MSRP") that range from $9,970 for the 2010 Hyundai Accent to $32,250 for the 2013 Hyundai Azera. (*Id.*, ¶ 7).

Plaintiff requests restitution as a remedy for HMA's alleged violations of California's Unfair Competition Law.  (Compl., ¶ 58 (seeking "full restitution of all

---

[1]  HMA has calculated the amount in controversy based on plaintiff's allegations for purposes of this notice of removal, but HMA denies that a class is the proper vehicle for plaintiff's claims and does not admit it is liable for any such claims.

[2]  HMA does not concede that plaintiff can properly seek relief relating to vehicle models or model years she did not purchase or lease.

1  moneys wrongfully obtained" and an order requiring "disgorging all ill-gotten
2  revenues and/or profits earned or retained")).
3        The restitutionary remedy sought by plaintiff, which is the repayment of all
4  revenues earned by HMA on the sales or leasing of Class Vehicles, well exceeds the
5  jurisdictional minimum under CAFA.  For example, the MSRP of the base model
6  2012 Hyundai Veloster was $17,300, and HMA sold 30,083 2012 Hyundai Veloster
7  retail vehicles nationally as of January 31, 2015.  (Nguyen Decl., ¶ 8).  The
8  combined total of the MSRP of the 2012 Hyundai Veloster vehicles sold by HMA
9  during that period is $520,435,900.  Thus, the restitutionary remedy sought by
10  plaintiff for this single Class Vehicle by itself far exceeds the jurisdictional
11  minimum.   Given the scope of plaintiff's allegations and requests for relief, the
12  amount in controversy with respect to all of the Class Vehicles clearly exceeds
13  $5,000,000 in the aggregate, and this Court has jurisdiction under CAFA.
14        Furthermore, as noted above, plaintiff seeks certification of a class of current
15  and former owners and lessees of more than 2,300,000 Class Vehicles.  (Compl.,
16  ¶ 69; Nguyen Decl., ¶¶ 4, 5).  Plaintiff's prayer for relief in the form of
17  compensatory damages, restitution, pre-judgment interest, punitive damages,
18  consequential damages, attorneys' fees, and equitable monetary relief well exceeds
19  the $2.20 per Class Vehicle required to satisfy the jurisdictional minimum in
20  consideration of the number of putative class members.
21        9.   ***Number of Proposed Class Members.***  Although HMA denies
22  plaintiff's allegations concerning the alleged defect in the Class Vehicles, plaintiff
23  seeks certification of a class of "all Persons in California and the United States who
24  at any time have been owners or lessees of any of the" Class Vehicles  (Compl.,
25  ¶ 69).  HMA-authorized retail dealers in the United States have sold or leased more
26  than 2,300,000 Class Vehicles.  (Nguyen Decl., ¶¶ 4-5).  Accordingly, the action
27  easily satisfies the requirement of 28 U.S.C. § 1332(d)(5) that the proposed class
28  include at least 100 persons.

10.     ***Timeliness.***  This removal notice is timely filed, as required by 28 U.S.C. § 1446(b).  HMA was served with the Class Action Complaint on February 9, 2015, and files this notice within thirty days of being served with the Complaint.

11.     ***Other Defendants.***  In addition to HMA, the Class Action Complaint names Hyundai Motor Company and Hyundai Corporation (USA) as defendants.  Neither Hyundai Motor Company nor Hyundai Corporation (USA), however, has been served yet in this action.  Their consent is thus not required for removal of this action.  *See* 28 U.S.C. § 1446(b)(2)(A).

12.     ***Exceptions Do Not Apply.***  The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1453(d) do not apply.

## THE OTHER PROCEDURAL REQUISITES
## FOR REMOVAL ARE SATISFIED

13.     HMA has complied with 28 U.S.C. § 1446(a) & (d).  Under 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the state court are attached as Exhibit 1.  Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of this notice of removal attached, will be promptly filed with the clerk of the Superior Court of California, County of Los Angeles, Case No. BC571831, and HMA will promptly serve a notice of filing of removal, with a copy of the notice of removal attached, on plaintiff's attorneys.

## CONCLUSION

By this notice, HMA does not waive any objections it may have as to improper service, jurisdiction, or venue, or any other defenses or objections to this action.  HMA intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas.  HMA prays that this action be removed to this Court for determination; that all further proceedings in the state court suit be stayed; and that HMA obtain all additional relief to which it is entitled.

1   DATED:  March 10, 2015          Respectfully submitted,

2                                   QUINN EMANUEL URQUHART &
3                                   SULLIVAN, LLP

4

5
                                    By  */s/ Shon Morgan*
6                                       Shon Morgan
7                                       Attorneys for Defendant Hyundai Motor
                                        America
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

THE MARGARIAN LAW FIRM
HOVANES MARGARIAN, SBN 246359
hovanes@margarianlaw.com
801 N. Brand Blvd., Suite 210
Glendale, California 91203
Telephone Number:      (818) 553-1000
Fax Number:               (818) 553-1005

Attorney for Plaintiff,
ARSHALOS NALBANDIAN

A6019
9140|

DEPT. 322
WILLIAM F.
HIGHBERGER

**FILED**
Superior Court Of California
County Of Los Angeles

FEB 09 2015

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
        Judi Lara

**CALIFORNIA SUPERIOR COURT**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| ARSHALOS NALBANDIAN, as an individual, on behalf of herself, all others similarly situated, and the general public,<br><br>            Plaintiffs,<br><br>vs.<br><br>HYUNDAI MOTOR COMPANY; HYUNDAI MOTOR AMERICA; HYUNDAI CORPORATION (USA); and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No.: **BC 5 7 1 8 3 1**<br>(Class Action)<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF:**<br><br>1. **Breach of Express Warranty**<br>2. **Breach of the Song-Beverly Consumer Warranty Act**<br>3. **Breach of the Implied Covenant of Good Faith and Fair Dealing**<br>4. **Breach of the Magnuson-Moss Warranty Act – Express Warranty**<br>5. **Violation of the California Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

///

CLASS ACTION COMPLAINT FOR DAMAGES

# TABLE OF CONTENTS

Notice of Duties to Retain Evidence.................................................................3

Introduction .......................................................................................................3

The Parties and Certain Definitions ................................................................3

Basic Facts ........................................................................................................5

Tolling of Statute of Limitations .....................................................................6

First Cause of Action (Breach of Express Warranty) ......................................6

Second Cause of Action (Breach of the Song-Beverly Consumer Warranty Act).........................7

Third Cause of Action (Breach of the Implied Covenant of Good Faith and Fair Dealing) ...........8

Fourth Cause of Action (Breach of the Magnuson-Moss Warranty Act – Express Warranty).......8

Fifth Cause of Action (Violation of the California Consumer Legal Remedies Act) .....................9

Class Action Allegations ................................................................................12

Prayer ...............................................................................................................15

Demand for Jury Trial .....................................................................................16

CLASS ACTION COMPLAINT FOR DAMAGES

**NOTICE TO DEFENDANTS OF DUTIES TO RETAIN EVIDENCE**

**TO ALL DEFENDANTS: Note and adhere to your duties to retain, and not delete or destroy, all documents, e-mails, databases, electronic records, electronically stored information, and all other evidence that may be pertinent to this lawsuit, and to cease any destruction or deletion of such evidence that might otherwise take place in the ordinary course of your business or affairs.**

**I**

**INTRODUCTION**

1.   This is a class action involving an extremely dangerous defect in the electrical system of hundreds of thousands of Hyundai vehicles. **Hyundai admits by and through multiple Service Bulletins that the defect exists in those vehicles. Hyundai admits that as a result of the defect, the vehicles can lose power and/or fail to start.**

2.   Hyundai should, among other things, be required to furnish to perform the necessary repairs on the vehicles free of charge to owners and lessees of the vehicles, pay for replacement vehicles until Hyundai fixes the defective vehicles, and should pay damages and restitution to the owners and lessees of the vehicles for loss of use, loss of market value, and other financial losses.

**II**

**THE PARTIES, AND CERTAIN DEFINITIONS**

**Plaintiff**

1.   Plaintiff Arshalos Nalbandian is an individual. On or about August 22, 2013, in Van Nuys, Los Angeles County, California, plaintiff, as lessee, leased one of the Subject Vehicles (defined below), a new 2013 Hyundai Elantra, bearing the Vehicle Identification Number (VIN) KMHD35LE7DU112138.

2.   **DEFINITION: In this complaint, "Class Members" means plaintiff and the others described in the class definition which applies to the cause of action in which the term "Class Members" appears.** The class definitions are in the section below entitled "Class Action Allegations."

3.   **DEFINITION: In this complaint, "Subject Vehicles" means all the following vehicles:**

- Hyundai Elantra          Model Years 2010-2013
- Hyundai Santa Fe         Model Years 2010-2013

-3-

| | | |
|---|---|---|
| • | Hyundai Tucson | Model Years 2010-2013 |
| • | Hyundai Sonata | Model Years 2010-2013 |
| • | Hyundai Azera | Model Years 2010-2013 |
| • | Hyundai Accent | Model Years 2010-2013 |
| • | Hyundai Veloster | Model Years 2010-2013 |

**Defendants**

4.   Defendant HYUNDAI MOTOR COMPANY is a corporation.

5.   Defendant HYUNDAI MOTOR AMERICA is a corporation.

6.   Defendant HYUNDAI CORPORATION (USA) is a corporation.

7.   **DEFINITION: Below, "Hyundai" means defendant Hyundai Motor Company, defendant Hyundai Motor America, Hyundai Corporation (USA), and defendants DOES 1 through 100, each of them and all of them.**

8.   Plaintiff is unaware of the true names of Defendants Does 1 through 100.  Said defendants are sued by said fictitious names.  The pleadings will be amended as necessary to obtain relief against defendants Does 1 through 100 when the true names and capacities are ascertained or when such facts pertaining to their liability are ascertained, or as permitted by law or the Court.

9.   Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, designed, manufactured, marketed, advertised, and sold the Subject Vehicles. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

-4-

10.    The allegations in this pleading are made without any admission that, as to any particular allegation, plaintiff bears the burden of pleading, proof, or persuasion.  All rights to plead in the alternative are reserved.

11.    The allegations of this complaint pertain to the entire periods of time of the statutes of limitations of the causes of action in which the allegations appear.  Unless stated to the contrary, the allegations of this complaint refer to the past, present, and future, regardless of the tense of the verbs in the sentences.

### III

### BASIC FACTS

12.    Beginning approximately in 2010, Hyundai designed, manufactured, marketed, advertised, sold and distributed the Subject Vehicles.

13.    As manufactured by Hyundai, the Subject Vehicles have a defective electrical system. As a result of the defect in the electrical system, the Subject Vehicles can rapidly and completely shut down while being driven and fail to start. There have been hundreds of complaints of such failures. All of this has been stated in writing by owners and lessees of the Subject Vehicles as well as Hyundai to NHTSA, the National Highway Traffic Safety Administration, the federal agency that deals with vehicle safety and recalls.

14.    Although Hyundai has not issued a recall notice pertaining to the defects in the electrical system, Hyundai has issued at least four (4) Service Bulletins pertaining to the said defect.

15.    Hyundai is liable to pay attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

16.    On or about August 22, 2013, Plaintiff Nalbandian leased a new 2013 Hyundai Elantra GT from Commerce Hyundai, a Hyundai dealership. At the time of lease, Ms. Nalbandian was given a copy of Hyundai's express warranties alleged herein.

17.    Shortly after her lease, Plaintiff experienced the defects pertaining to the defective electrical system of her Subject Vehicle.

18.    Although Plaintiff brought her Subject Vehicle to authorized dealers of Hyundai complaining

CLASS ACTION COMPLAINT FOR DAMAGES

1    of these very defects on four (4) different occasions, on each occasion Hyundai failed to correct the

2    defects to conform the vehicle to its express and implied warranties. Furthermore, Hyundai failed to

3    properly document the said defects of Plaintiff's vehicle each time claiming that the vehicle was

4    working to Hyundai specifications and that no defects were verified.

5                                                           **IV**

6                                  **TOLLING OF STATUTE OF LIMITATIONS**

7         19.   Any applicable statutes of limitation and time limits in Hyundai's warranties have been

8    equitably tolled by Hyundai's concealment, suppression and denial of the true facts regarding the

9    existence of the defects alleged herein.

10        20.   Hyundai is estopped from relying on any statutes of limitation and time limits in Hyundai's

11   warranties because Hyundai's concealment of the true facts, as described herein, concerning the defects

12   of the Subject Vehicles.

13                                    **FIRST CAUSE OF ACTION**

14               **Against All Defendants For Breach Of Express Warranty**

15        21.   Plaintiff incorporates paragraphs 1 through 14 above and the Class Action Allegations below.

16        22.   Hyundai expressly warranted in multiple writings, including but not limited to the warranty

17   booklets Hyundai furnished to borrowers and lessees, including plaintiff, that the Subject Vehicles were

18   free from defects.

19        23.   By virtue of the defective electrical systems alleged herein, Hyundai breached its express

20   warranties of the Subject Vehicles.

21        24.   Hyundai's express warranties require Hyundai to repair or correct any defect in the Subject

22   Vehicles within a reasonable time. By failing to repair or correct the defect in the electrical systems in

23   the Subject Vehicles and by failing to properly verify and document the said defects, Hyundai further

24   breached its express warranties.

25        25.   As a result of Hyundai's breaches, the Class Members sustained damages, including but not

26   limited to loss of the use of the Subject Vehicles, diminution of their value, the cost of repair or

27   replacement of the defective components, and any out-of-pocket expenses associated therewith, and

28   higher purchase or lease payments than they would have made had they known of the breaches of

1   warranty. The precise amount of these damages is presently unknown but exceeds the jurisdictional

2   minimum of this Court.

3   **SECOND CAUSE OF ACTION**

4   **Against All Defendants for Breach of the Song-Beverly Consumer Warranty Act**

5       26.   Plaintiff incorporates paragraphs 1 through 14 above and the Class Action Allegations below.

6       27.   Plaintiff leased the Hyundai Elantra primarily for personal, family and/or household

7   purposes.

8       28.   Hyundai expressly warranted in multiple writings, including but not limited to the warranty

9   booklets Hyundai furnished to borrowers and lessees, including plaintiff, that the Subject Vehicles were

10  free from defects.

11      29.   By virtue of the Song-Beverly Act and otherwise, Hyundai gave to the Class Members an

12  implied warranty of merchantability for the Subject Vehicles.

13      30.   At all times relevant, Hyundai had reason to know at the time of the lease/sale and delivery

14  of the Subject Vehicles that they were required for a particular purpose, namely as means of

15  transportation on roads and highways in a reasonably safe manner, and that the purchasers, owners

16  and/or lessees were relying on Hyundai's skill and judgment to develop, design, manufacture,

17  distribute, and sell the Subject Vehicles.

18      31.   Hyundai breached these express and implied warranties by virtue of the defects in the

19  electrical systems of the Subject Vehicles, and by failing to repair or correct the defects in a reasonable

20  time. Hyundai further breached these express and implied warranties by failing to properly verify and

21  document the said defects.

22      32.   As a result of Hyundai's breaches, the Class Members sustained damages, including but not

23  limited to loss of the use of the Subject Vehicles, diminution of their value, the cost of repair or

24  replacement of the defective components, and any out-of-pocket expenses associated therewith, and

25  higher purchase or lease payments than they would have made had they known of the breaches of

26  warranty. As a result of Hyundai's breaches of warranty, the Class Members sustained damages,

27  including but not limited to loss of the use of the Subject Vehicles, diminution of their value, and higher

28  purchase or lease payments than they would have made had they known of the breaches of warranty.

1    The precise amount of these damages is presently unknown but exceeds the jurisdictional minimum of

2    this Court.

3                                    **THIRD CAUSE OF ACTION**

4    **Against All Defendants For Breach of the Implied Covenant of Good Faith and Fair Dealing**

5         33.   Plaintiff incorporates paragraphs 1 through 14 above and the Class Action Allegations below.

6         34.   The warranties alleged above constitute contracts between the Class Members and Hyundai.

7    In addition, Hyundai was a contracting party or a third party beneficiary of the sales contracts and

8    leases pursuant to which the Class Members purchased and/or leased the Subject Vehicles.

9         35.   The resulting contracts and contractual obligations of Hyundai contain an implied covenants

10   of good faith and fair dealing, requiring that Hyundai conduct business with the Class Members in good

11   faith and deal fairly and justly with them, and not deprive them of the essential benefits of the contracts.

12        36.   Hyundai breached the implied covenants of good faith and fair dealing by furnishing the

13   Class Members with the Subject Vehicles that had the defects in the electrical system described herein,

14   and by failing to verify, document, repair or correct the defects within a reasonable time.

15        37.   As a result of Hyundai's breaches, the Class Members sustained damages, including but not

16   limited to loss of the use of the Subject Vehicles, diminution of their value, the cost of repair or

17   replacement of the defective components, and any out-of-pocket expenses associated therewith, and

18   higher purchase or lease payments than they would have made had they known of the breaches of

19   warranty. The precise amount of these damages is presently unknown but exceeds the jurisdictional

20   minimum of this Court.

21                                   **FOURTH CAUSE OF ACTION**

22              **Breach of the Magnuson-Moss Warranty Act – Express Warranty**

23        38.   Plaintiff incorporates paragraphs 1 through 14 above and the Class Action Allegations below.

24        39.   The Subject Vehicles are "consumer products" as that term is defined by 15 U.S.C. §

25   2301(1).

26        40.   Plaintiff and Class members are "consumers" as that term is defined by 15 U.S.C. § 2301(3).

27        41.   Hyundai is a "supplier" as that term is defined by 15 U.S.C. § 2301(4).

28        42.   Hyundai is a "warrantor" as that term is defined by 15 U.S.C. § 2301(5).

-8-

43. Hyundai provided Plaintiff and Class members with "written warranties" as that term is defined by 15 U.S.C. § 2301(6).

44. 15 U.S.C. § 2310(d)(1) provides that a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under the applicable title, or a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief in any court of competent jurisdiction in any state.

45. Hyundai breached its express warranties by supplying, warranting, and selling the Subject Vehicles with the defects in the electrical systems. The defects existed at the times the Subject Vehicles left the manufacturing plant and at all times when the Class Members purchased or leased the Subject Vehicles.

46. As a result of Hyundai's breaches of warranty and other violations of the Magnuson-Moss Act alleged above, the Class Members sustained damages, including but not limited to loss of the use of the Subject Vehicles, diminution of their value, the cost of repair or replacement of the defective components, and any out-of-pocket expenses associated therewith, and higher purchase or lease payments than they would have made had they known of the breaches of warranty. The precise amount of these damages is presently unknown but exceeds the jurisdictional minimum of this Court.

## FIFTH CAUSE OF ACTION

### Against All Defendants for Violation of the California Unfair Competition Law,

### Busn. & Prof. Code § 17200 et seq.

47. Plaintiff incorporates paragraphs 1 through 14 above and the Class Action Allegations below.

48. The breaches of contract and warranty by Hyundai, and Hyundai's violations of law alleged above are, by definition, unlawful business practices under the Unfair Competition Law. All violations of law, whether statutes, regulations, decisional law, common law, or other law, are unlawful business practice under the Unfair Competition Law.

49. In addition, the conduct of Hyundai alleged above constitutes unfair business practices under the Unfair Competition Law. On information and belief, plaintiff alleges that at all times Hyundai knew that the Subject Vehicles were defective and posed an unreasonable safety risk to the public, failed to disclose the situation regarding the defects, and suppressed information about it. Hyundai thus unfairly

-9-

1   competed with its competitors.

2        50.   With full knowledge of the facts identified herein, Defendants knowingly sold and continue

3   to sell vehicles equipped with defective electrical systems to residents throughout California and the

4   United States, while concealing and suppressing the nature and scope of the defects. Such concealment

5   and suppression was done to maximize its profits and its market share.

6        51.   Additionally, Defendants in their advertising and marketing materials knowingly

7   misrepresented the quality and performance of the vehicles.

8        52.   The business acts and practices of Defendants are unfair, unlawful, and deceptive within the

9   meaning of California Business and Professions Code § 17200 *et seq.*, in that such acts and practices

10  are deceptive and substantially damaging to consumers and contrary to public policy. Consumers,

11  including Plaintiff, who rely on the representations and warranties made, are injured when Defendants

12  fail to honor the warranty as prescribed herein, and due to the safety concerns that exist in the Subject

13  Vehicles.

14       53.   Defendants aggressively promoted and advertised their Subject Vehicles in an unlawful,

15  unfair, fraudulent, untrue and/or deceptive manner that is and was likely to deceive the public.

16       54.   Defendants actively engaged in a custom and practice of encouraging failure to and/or failing

17  to document complaints by class members regarding the non-conformities exhibited by the Subject

18  Vehicles as outlined herein.

19       55.   Defendants actively engaged in a custom and practice of having the complaints documented

20  as "unverified" during the visits to the authorized dealerships. This was intended to deprive Plaintiff

21  and other Class members form their lemon law rights by distorting the Subject Vehicles' repair

22  histories.

23       56.   Defendants' misconduct as alleged in this action constitutes negligence and other tortious

24  conduct and this misconduct gave these Defendants an unfair competitive advantage over their

25  competitors.

26       57.   Defendants' conduct constitutes unfair acts or practices conducted in the course of

27  Defendants' respective businesses, and thereby constitutes violations of California Business and

28  Professions Code § 17200 *et seq.* Defendants' conduct and intent to widely market the Subject

Vehicles to California and United States consumers involved false and misleading advertising. Such conduct offends the established public policy of the State of California and of the United States and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

58.   Pursuant to California Business and Professions Code § 17203 of the UCL, Plaintiff seeks an order of this Court enjoining Hyundai from continuing to engage in unlawful, unfair or fraudulent business practices, and any other act prohibited by the UCL. Plaintiff also seeks an order requiring Hyundai to comply with the terms of the California Secret Warranty Law by (a) notifying Class Members of the warranty; (b) providing free installation of the re-designed components to Class Members, (c) providing the Class with rental/loaner vehicles during the time period required to complete the necessary repairs, (d) notifying dealers of the facts underlying the problem and the terms of the warranty, (e) notifying the New Motor Vehicle Board of the warranty; and (f) identifying and reimbursing Class Members who have paid for repairs. Plaintiff also seeks an order (a) enjoining Hyundai from failing and refusing to make full restitution of all moneys wrongfully obtained; and (b) disgorging all ill-gotten revenues and/or profits earned or retained as a result of Hyundai's violations of the California Secret Warranty Law.

59.   As set forth, above, Hyundai has violated the California Secret Warranty Law. As a direct and proximate result of Hyundai's conduct, Hyundai obtained secret profits by which it became unjustly enriched at Plaintiff's and the Class members' expense.

60.   Accordingly, Plaintiff seeks an order establishing Hyundai as a constructive trustee of the secret profits that served to unjustly enrich Hyundai, together with interest during the period in which Hyundai has retained such funds, and requiring Hyundai to disgorge those funds in a manner to be determined by the Court.

61.   In addition to the relief requested in the Prayer below, Plaintiff seeks the imposition of a constructive trust over, and restitution of, the monies collected and profits realized by Defendants.

62.   Defendants' conduct, as fully described herein, constitutes acts of untrue and misleading advertising and are, by definition, violations of California Business and Professions Code § 17200 *et seq.*

63.   As a direct and proximate result of the aforementioned acts, Defendants, and each of them,

received monies expended by Plaintiff and others similarly situated who leased/purchased the Subject Vehicles.

64.   The unlawful, unfair, deceptive and/or fraudulent business practices and/or false and misleading advertising of Defendants, as fully described herein, present a continuing threat to members of the public to be injured by the Subject Vehicles equipped with the defective electrical systems as alleged herein.

65.   Moreover, Defendants' unlawful and unfair business practices present a continuing and ongoing threat to the public in that Defendants will continue to mislead and deceive the public regarding the quality and nature of the affected vehicles, and in that Defendants will continue to fail to honor and/or refuse to honor the terms of the express warranties provided to the consuming public.

66.   Under California Business and Professions Code § 17203, Plaintiff seeks an order enjoining Defendants from engaging in the unfair and unlawful practices and acts identified herein. Said Code section also provides for equitable monetary relief so as to preclude the retention of all monies improperly obtained by Defendant as a result of such practices and acts.

**V**

**CLASS ACTION ALLEGATIONS**

67.   This case is brought as a class action under Code of Civil Procedure Section 382 and other class action procedural law, on behalf of the class of all persons similarly situated who are further specified in the class definition below.

68.   The proposed class, sometimes referred to herein as the "Class Members," or the "Class," presently consists of the people identified as follows:

69.   **CLASS DEFINITION:**  All Persons in California and the United States who at any time have been owners or lessees of any of the following vehicles, referred to as the  "Subject Vehicles":

- Hyundai Elantra       Model Years 2010-2013
- Hyundai Santa Fe       Model Years 2010-2013
- Hyundai Tucson       Model Years 2010-2013
- Hyundai Sonata       Model Years 2010-2013
- Hyundai Azera       Model Years 2010-2013

-12-

CLASS ACTION COMPLAINT FOR DAMAGES

- Hyundai Accent        Model Years 2010-2013
- Hyundai Veloster      Model Years 2010-2013

The following are excluded from the Class: those who have released Hyundai from individual claims alleged in this complaint; Hyundai and its subsidiaries, officers, and directors; persons who have suffered bodily injury as a result of any defects alleged herein; Plaintiff reserves all rights to amend the definition of the Class.

70. **Numerosity:** The class is so numerous that joinder of all members is impracticable. Although the exact number of Class Members is unknown to Plaintiff at this time, on information and belief, it is alleged that it is at least 750,000 members.

71. **Ascertainability:** The Class Members are specific people whose identities can easily be ascertained through, for example, purchase, lease, and registration records.

72. **Common questions predominate**: Common questions of law and fact exist as to all members of the Class and predominate over any questions that affect only individual members of the Class. The common questions of law and fact include, but are not limited to:

a.   Whether the Subject Vehicles were equipped with an electrical system that is defective.

b.   Whether Hyundai has admitted that the Subject Vehicles are defective.

c.   Whether Hyundai expressly warranted that the Subject Vehicles are free from defects.

d.   Whether Hyundai breached their express warranties.

e.   Whether Hyundai impliedly warranted that the Subject Vehicles are merchantable.

f.   Whether Defendants breached their implied warranties.

g.   Whether the defects alleged renders the Subject Vehicles unsafe to drive.

h.   Whether Hyundai failed to notify the Class Members of the defects alleged herein.

i.   Whether Hyundai failed to notify the Class Members that the Subject Vehicles should not be driven.

j.   Whether Hyundai admitted that the Subject Vehicles should not be driven.

k.   Whether the Class Members should be notified that the Subject Vehicles should not be driven.

-13-

l.      Whether Hyundai failed or refused to repair or correct the defects in the Subject Vehicles in a reasonable amount of time.

m.      Whether Hyundai failed or refused to properly document complaints regarding the defects of the Subject Vehicles.

n.      Whether Hyundai failed or refused to furnish or pay for rental or replacement vehicles to be used by owners and lessees until Hyundai fixes the defects.

o.      Whether Hyundai is obligated to inform the Class Members of their rights to be furnished with or paid for rental or replacement vehicles to be used by owners and lessees until Hyundai fixes the defects obtain.

p.      Whether Hyundai's conduct alleged herein constitutes unlawful business practices within the meaning of the California Unfair Competition Law.

q.      Whether Hyundai's conduct alleged herein constitutes unfair business practices within the meaning of the California Unfair Competition Law.

r.      Whether Hyundai's conduct alleged herein constitutes fraudulent business practices within the meaning of the California Unfair Competition Law.

s.      Whether the Class Members are entitled to equitable relief, including but not limited to injunctive relief.

73.    **Typicality**: Plaintiff's claims are typical of, or the same as, the claims of the Class Members. Plaintiff and the other Class Members sustained losses, injuries and damages arising out of Defendants' common policies and/or practices and violations of law referred to in each cause of action, which were applied to Plaintiff and to the other Class Members.  Plaintiff seeks recoveries for the same types of losses, injuries and damages that were suffered by the other Class Members.

74.    **Adequacy**: Plaintiff and plaintiff's attorneys will fairly and adequately protect the interests of the Class and are able and qualified to do so.  The attorneys for Plaintiff and the potential Class Members are qualified, competent and very experienced in class action litigation, particularly class actions for violations of laws governing protection of consumer rights.  Plaintiff is not disqualified by any interests antagonistic to the remainder of the Class.

75.    **Superiority**: A class action is superior to other available methods for fairly and efficiently

adjudicating the issues discussed in this complaint.  Individual joinder of all Class Members is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Also, because the losses, injuries and damages suffered by each of the individual Class Members are relatively small, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them by Defendants.  On the other hand, important public interests will be served by addressing these matters as a class action.  The cost to the court system and the public of adjudication of individual litigation and claims would be very substantial and substantially more than if the claims are treated as a class action.  Individual litigation and claims would also present the potential for inconsistent or contradictory results.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

WHEREFORE, Plaintiff prays for an order requiring Defendants to: (1) notify the Class and the general public of the defects of the Subject Vehicles; (2) provide, at no cost to owners or lessees of the Subject Vehicles, the replacement or repair of the defective components; and (3) provide, at no cost, rental/loaner vehicles to owners or lessees of the Subject Vehicles during the time required to perform the necessary repairs.

**PRAYER**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated and also on behalf of the general public, prays for judgment against Defendants, and each of them jointly and severally, as follows:

A.  An order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class;

B.  For compensatory damages in an amount to be determined at trial;

C.  For restitution as appropriate;

D.  For statutory pre-judgment interest;

E.  For punitive damages in an amount to deter Defendants from similar conduct in the future;

-15-

F.  For any additional and consequential damages suffered by Plaintiff and the Class;

G.  For reasonable attorneys' fees and the costs of this action;

H.  For declaratory and/or equitable relief under the causes of action stated herein; and

I.  For such other relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for herself and the Class on all claims so triable.

Dated this 28th day of January, 2015

THE MARGARIAN LAW FIRM

By _____
Hovanes Margarian, Esq.
Attorney for Plaintiff
ARSHALOS NALBANDIAN
and all others Similarly Situated

CLASS ACTION COMPLAINT FOR DAMAGES

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* THE MARGARIAN LAW FIRM<br>HOVANES MARGARIAN, SBN 246359<br>801 N. BRAND BOULEVARD, SUITE 210<br>GLENDALE, CALIFORNIA 91203<br>TELEPHONE NO.: (818) 553-1000   FAX NO.: (818) 553-1005<br>ATTORNEY FOR *(Name):* Arshalos Nalbandian, et al. | **FOR COURT USE ONLY**<br>**FILED**<br>Superior Court Of California<br>County Of Los Angeles<br>**FEB 09 2015**<br>Sherri R. _____ Executive Officer/Clerk<br>By _____ Deputy<br>Judi Lara |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Most Courthouse

**CASE NAME:**
Arshalos Nalbandian, et al. v. Hyundai Motor Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC 571831**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* FIVE (5)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 28, 2015
Hovanes Margarian, Esq.
_____ (TYPE OR PRINT NAME)     _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |



| SHORT TITLE: Arshalos Nalbandian, et al. v. Hyundai Motor Company, et al. | CASE NUMBER BC 571831 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I**. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7   ☐ HOURS/ ☑ DAYS

**Item II**. **Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)
>
> 1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
> 2. May be filed in central (other county, or no bodily injury/property damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Arshalos Nalbandian, et al. v. Hyundai Motor Company, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 | Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 | Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☑ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 | Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 | Quiet Title | 2., 6. |
| | | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Arshalos Nalbandian, et al. v. Hyundai Motor Company, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | | | |
| Asset Forfeiture (05) | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151 | Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152 | Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153 | Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150 | Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | | |
| Antitrust/Trade Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007 | Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | | |
| Enforcement of Judgment (20) | ☐ A6141 | Sister State Judgment | 2., 9. |
| | ☐ A6160 | Abstract of Judgment | 2., 6. |
| | ☐ A6107 | Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140 | Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114 | Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112 | Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | | |
| RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030 | Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040 | Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011 | Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000 | Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | | |
| Partnership Corporation Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121 | Civil Harassment | 2., 3., 9. |
| | ☐ A6123 | Workplace Harassment | 2., 3., 9. |
| | ☐ A6124 | Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190 | Election Contest | 2. |
| | ☐ A6110 | Petition for Change of Name | 2., 7. |
| | ☐ A6170 | Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100 | Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Arshaloş Nalbandian, et al. v. Hyundai Motor Company, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| **REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.**  ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 6136 Fulton Avenue #10 | | |
|---|---|---|---|
| CITY: Van Nuys | STATE: CA | ZIP CODE: 91401 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___January 28, 2015___

___(signature)___

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court Of California
County Of Los Angeles

FEB 09 2015

Sherri R. ~~~~~ executive Officer/Clerk
By _____ , Deputy
Judi Lara

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HYUNDAI MOTOR COMPANY; HYUNDAI MOTOR AMERICA;
HYUNDAI CORPORATION (USA); AND DOES 1 THROUGH 100
*INCLUSIVE*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARSHALOS NALBANDIAN, as an individual, on behalf of herself, all
others similarly situated, and the general public

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles County Superior Court | CASE NUMBER: *(Número del Caso):* **BC 5 7 1 8 3 1** |
| --- | --- |

Stanley Most Courthouse
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hovanes Margarian, 801 N. Brand Boulevard, Suite 210, Glendale, CA 91203  (818) 553-1000
FEB 09 2015

DATE: February 9, 2015                        Clerk, by _____Judi Lara_____ , Deputy
*(Fecha)*          **SHERRI R. CARTER**       *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)            [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov